Bartle.t, C. J.
I fully concur in the conclusion adopted in the opinion of the court, that the tax was properly assessed; that the plaintiffs had no right, under the constitution of the state, to exempt any part of their taxable moneys and ^credits from thó [73 assessment, by deducting from the amount thereof, their liabilities, either to depositors or others, that the provision of the tenth section of the tax law of the 13th April, 1852, allowing such deductions, is unconstitutional, and was, therefore, very properly treated as a nullity; and that, upon this ground, the judgment of the court *74 below should be affirmed. On the subject of the invalidity of the provision of the tenth section of the law, my opinion is fully expressed in the case of the Exchange Bank of Columbus v. Oliver P. Hines, decided at the present terra.
But I differ from the opinion of the majority of the court touching the construction to be given to the third section of the twelfth article of the constitution. To my mind, it is very clear that this provision of the constitution has an exclusive application to banks and bankers endowed by law with the special privilege connected with the business of banking, the exorcise of which, by other persons, is prohibited. I do not think that the term “bankers,” as used in this section, can, by any fair and satisfactory interpretation, include exchange brokers, and unincorporated or private bankers, not authorized to issue paper money, or exercise any special pi'ivilege connected with the business of banking.
The second and third sections of this article of the constitution are as follows:
“ Sec. 2. Laws shall be passed, taxing, by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; and also all real and personal property, according to its true value in money; but burying-grounds, public school-houses, houses used exclusively for public worship, institutions of purely public charity, public property used exclusively for any public purpose, and personal property to an amount not exceeding in value two hundred dollars for each individual, may, by general laws, be exempted from taxation; but all such laws shall be subject to alteration or repeal; and the value of all property, so exempted, shall, from time to time, be ascertained and published, as may be directed by law.
“ Sec. 3. The general assembly shall provide by law for taxing the notes and bills discounted or purchased, moneys loaned, and all other property, effects, or dues, of every description (without deduction), of all banks, now existing, or hereafter created, and of all bankers, so that all property employed in banking shall always bear a burden of taxation equal to that imposed on the property of individuals.”
74] *The seond section provides a basis for taxation general in its terms, and broad enough to comprehend all property of every description; and in the absence of the third section, it would have reached the property of the incorporated banks by a fair construction. • It requires that all property, without exemption or deduction, *75 should be taxed, exempting only the specified charitable exemptions, and the exemption in favor of individuals. But the framers of the constitution deemed it proper, through abundant caution, to insert the provision of the third section, with a specific and exclusive reference to “property employed in bankingThe reason of this is made apparent by reference to the legislation of the state on the subject of taxing incorporated banks for several years preceding the adoption of the constitution. The incorporated banks, or banks exercising special privileges, claimed to be beyond the reach of the legislative power under the former constitution of the state, and were in fact resisting the general tax laws of the state at the time of the formation of the present constitution. And it was claimed that there was something peculiar in the condition and nature of the property of the banks of issue essentially different from other investments in property. For this reason, and to prevent any implication or inference in favor of exempting property invested by the incorporated banks from equal taxation, this third section of the constitution was provided.
The brokers, stock-jobbers, and private bankers, are unincorporated — mere individuals, carrying on a private business, which every person in the community may engage in if he sees proper. Now, this third section expressly distinguishes between the persons engaged in the business of banking, within its true intent, and individuals. The tax imposed on the property of individuals, as distinguished from banks and bankers, is made the standard. , All property employed in banking by banks and bankers, is required to bear a burden of taxation equal to that imposed on the property of individuals. The term “bankers,” therefore, as here *used, [75 is expressive of persons having investments in the special and exclusive business of banking, as distinguished from the business and investments of individuals.
The seventh section of the thirteenth article of the constitution furnishes an interpretation to the language of the constitution which I have been considering. The banks and bankers, within the meaning of this third section, are of course persons in the exercise of “ banking powers,” within the contemplation of the constitution. And this seventh section expressly provides the inode by which these “ banking powers ” may be acquired by an act of the general assembly.
The property employed in the business of banking, therefore, *76 which is subjected to taxation by the third section of the twelfth article of the constitution, is that which is invested in the special and exclusive business of banking, as distinguished from investments made in those pursuits which are common to all. "With all proper deference, therefore, for the opinion of the majority of the court, I entertain the opinion that the provision of the third section in the twelfth article of the constitution does not apply to the property of the broker and private banker, but that their property is taxable under the authority of the second section.